IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFREY GBOR,

                                                                                     OPINION AND ORDER

                         Petitioner,

                                                                                      19-cv-773-bbc

     v.

G. CREWS,

                       Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Federal prisoner Jeffrey Gbor has filed a "motion as to loss of good conduct time," which I will construe as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging a prison disciplinary hearing which resulted in the Bureau of Prisons stripping him of 41 days of good-conduct time. The petition is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. (This rule also may be applied to habeas petitions brought under § 2241. Rule 1(b), Rules Governing § 2254 Cases). Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. See also 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless the application makes it clear that petitioner is not entitled to relief). After reviewing petitioner's submissions, I find it clear that petitioner is not entitled to relief, so I am denying his petition.

1

BACKGROUND

At all times relevant to his petition, petitioner Jeffrey Gbor was incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. (On November 8, 2019, petitioner notified the court that he is now incarcerated at the Federal Correctional Institution in Memphis, Tennessee). On October 17, 2018, petitioner received an incident report for possession of synthetic cannabinoid not prescribed by the medical staff. Dkt. #1-1. The report states that while an officer was conducting an inventory of petitioner's property on August 27, 2018, the officer found two 1/8 inch square pieces of yellowish paper hidden in petitioner's fan and personal papers. The officer secured the items and placed them into evidence. According to the incident report, a subsequent laboratory analysis showed that the paper tested positive for synthetic compound FUB-AMB, an ingredient commonly used in the production of synthetic marijuana.

On November 21, 2018, petitioner received a disciplinary hearing on the conduct report. G. Crews was the hearing officer. According to the disciplinary hearing report, petitioner waived his right to a staff representative, requested no witnesses and presented no documentary evidence on his own behalf. Dkt. #1-1 at 2. The report also states that the hearing officer considered the incident report, investigation, a photograph of the papers, a memo from the officer who found the papers, lab report and chain of custody. At the hearing, petitioner stated that the papers were not his, he does not do drugs and he had a fan but it was not his fan. Petitioner was found guilty of possessing drugs, was assessed a $100 fine and lost 41 days of good conduct credit and other privileges.

On December 10, 2018, petitioner filed an appeal with the North Central Regional Office for the Bureau of Prisons, stating that he had newly-discovered exculpatory evidence. Specifically, inmate Scott Maxwell had signed an affidavit in which he claimed full knowledge and responsibility for the drugs found in petitioner's fan and personal papers. Petitioner says in his petition that the hearing officer did not give the affidavit much weight because it was submitted after the hearing and merely became part of the appellate record.

The appeal was denied on January 24, 2019 on the grounds that petitioner had made no specific request for a remedy and there was no evidence to corroborate Maxwell's statement. Petitioner filed subsequent appeals on April 22 and July 5, 2019, but both were denied. In a response dated July 19, 2019, the administrator of National Inmate Appeals stated that the hearing officer's decision was reasonable and supported by the evidence and that petitioner's due process rights were upheld during the disciplinary process.

OPINION

Petitioner seeks to have his good-conduct time restored through his petition for habeas corpus under § 2241. Disciplinary hearings that deprive an inmate of good-time credit and, as a result, increase the inmate's period of incarceration, may serve as a basis for requesting habeas relief. Piggie v. Cotton, 344 F.3d 674, 677 (7th Cir. 2003). A disciplinary decision that results in the loss of good-time credits must provide the inmate the following procedural safeguards if it is to adhere to due process: (1) advance written notice of the charges; (2) an opportunity to call witnesses and present evidence in his defense; (3)

3

a written statement from the factfinder identifying the evidence on which he or she relied and the reason(s) for the decision; and (4) findings supported by "some evidence" in the record. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985); Jones v. Cross, 637 F.3d 841, 845 (7th Cir. 2011) .

In this instance, petitioner received due process during his disciplinary proceedings: he received a written incident report notifying him of his charge, he attended a disciplinary hearing on the charge, the disciplinary hearing officer issued a written decision and the decision was supported by some evidence, namely the incident report stating that two pieces of paper were found in petitioner's fan and personal papers and the laboratory report showing that the papers contained a controlled substance.

Petitioner believes that the disciplinary decision lacked support because inmate Maxwell admitted after the hearing that the drugs belonged to him and not petitioner. However, the disciplinary hearing officer did not have the affidavit at the time of the hearing and the appeals administrator did not find Maxwell's late-filed statement credible because it was not supported by any corroborating evidence.

The "substantive evidence" standard is a "meager threshold." Jones, 637 F.3d at 849. Here, the investigating officer's memo, the incident report and the laboratory report provided the disciplinary hearing officer "some evidence," sufficient to meet the "meager threshold," to support his conclusion that petitioner was in possession of synthetic marijuana. Therefore, the evidence was sufficient to sustain the finding of guilt and petitioner received all the process he was due. Petitioner is not entitled to relief under §

2241.

ORDER

IT IS ORDERED that petitioner Jeffrey Gbor's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED. The clerk of court is directed to enter judgment and close this case.

Entered this 18th day of November, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge